IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FERMINE CASTILLO | § | |
| v. | § | CIVIL ACTION NO. 6:12cv906 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Fermine Castillo, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Castillo stated that he was found guilty of the offense of sexual misconduct, for which he received punishments of 15 days of recreation and commissary restrictions and a reduction in classification status. He did not lose any good time, and is ineligible for release on mandatory supervision in any event because he is serving a sentence for felony murder, with an affirmative finding of use of a deadly weapon.

In his federal habeas petition, Castillo contended that due process was violated because the disciplinary case failed to allege all of the essential elements of the offense, he was convicted of performing an act which he could not have known was prohibited, the hearing officer failed to take into evidence the actual statement which he gave, and he is actually innocent of the offense. Castillo

asserts that he is actually innocent because he was not engaging in sexual misconduct, but rather was urinating, with his back to the cell door, when Officer Brewer wrote him up.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be denied.  The Magistrate Judge, citing Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995) concluded that Castillo had failed to show that the punishments imposed upon him implicated any constitutionally protected liberty interests, and thus Castillo had shown no basis for habeas corpus relief.  Castillo filed objections to the Magistrate Judge's Report on December 20, 2012.

In his objections, Castillo argues that he was deprived of a liberty interest because a proper notification of the charges against him was never given.  He states that the charging instrument did not allege all of the elements of the offense, and the failure of this instrument to do so creates "a significant hardship on an inmate in relation to the ordinary incidents of prison life."  He says that the Magistrate Judge misses his argument, which is that he has a protected liberty interest in being properly notified and given a full statement of the facts underlying the charges.

As the Supreme Court explained in Sandin, the operative interest in determining the existence of a liberty interest is the nature of the deprivation.  The Supreme Court rejected the assertion that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation."  The punishments imposed in that case upon the plaintiff Demont Conner, including 30 days in disciplinary segregation, as well as two concurrent sentences of four hours of disciplinary segregation, "did not present the type of atypical, significant *deprivation* in which the State might conceivably create a liberty interest."  Sandin, 115 S.Ct. at 2301 (emphasis added).  Consequently, the Supreme Court concluded that "neither the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974)]."

Similarly, the punishments imposed upon Castillo did not present the type of atypical, significant deprivation in which the State might conceivably create a liberty interest.  As the Magistrate Judge explained, the Fifth Circuit has stated that such punishments as 15 days of recreation and commissary restrictions and a reduction in classification status do not impose atypical or significant hardships in relation to the ordinary incidents of prison life.  Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).  Castillo has failed to show that the punishments imposed upon him deprived him of any constitutionally protected liberty interests, rendering his federal habeas corpus petition without merit.  *See* Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984) (in determining whether state action has violated an individual's right to procedural due process, the district court must first address whether or not the state action has deprived the person of a protected life, liberty, or property interest).  Castillo's objections to the Report of the Magistrate Judge are without merit.

 The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Fermine Castillo is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 7th day of January, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE